IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2011

## ROGER T. JOHNSON v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94B1113     J. Randall Wyatt, Jr., Judge**

_____

**No. M2011-00945-CCA-R3-HC - Filed February 27, 2012**

_____

The petitioner, Roger T. Johnson, appeals the Davidson County Criminal Court's summary dismissal of his pro se petition for the writ of habeas corpus. In 1994, the petitioner pled guilty to first degree murder and second degree murder, and the trial court sentenced him to the agreed sentence of consecutive terms of life plus thirty years in the Department of Correction. In the instant petition for habeas corpus relief, the petitioner alleges that his convictions are void because the trial court illegally altered the terms contained in his judgment of conviction for second degree murder. This alteration, he asserts, includes an illegal sentence. He further contends the trial court erred when it summarily dismissed his petition. Following review of the record, we find no error and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Roger T. Johnson, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**Procedural History**

In December 8, 1994, the petitioner pled guilty to first degree murder and second degree murder. The trial court imposed the sentence agreed to by the parties, consecutive sentences of life for the first degree murder conviction plus thirty years for the second degree murder conviction. Attached to the petitioner's petition is an amended judgment, entered on December 14, 1994, in which the trial court entered an amended judgment, modifying the petitioner's sentence for second degree murder to twenty-five years and eight months. The trial court hand wrote notes in the "Special Conditions" section of the judgment, but those notes are not legible on the copy included in the record.

The petitioner did not timely appeal his guilty pleas or sentences. This is, however, his fourth petition for habeas corpus relief. This court set out the relevant factual background in its opinion affirming the dismissal of the petitioner's first habeas corpus petition:

On December 7, 1994, Petitioner entered guilty pleas to one count of first degree murder and one count of second degree murder in exchange for a sentence of life followed by a thirty year sentence as a Range I offender. The trial court amended the judgment on December 8, 1994 to reflect a sentence of twenty-five years and eight months on the second degree murder count to be served as a Range II offender. FN1 On June 18, 2002, Petitioner filed, pro se, a petition for writ of habeas corpus relief, alleging that his plea bargain agreement was breached by the trial court's amendment of the judgment. Petitioner alleged that the breach of the plea bargain agreement rendered his conviction void.

> FN1. The record does not reflect the reason for this change. The amendment did not modify the petitioner's release eligibility in any material way. The original judgment of thirty years as a Range I offender with 30% release eligibility would have resulted in release eligibility after nine years. The amended judgment of twenty-five years, eight months as a Range II offender with 35% release eligibility results in release eligibility after 8.98 years.

By order entered July 18, 2002, the trial court denied Petitioner's application for habeas corpus relief. The trial court found that Petitioner had failed to allege grounds for relief cognizable in a state habeas corpus action. The court ruled that at most, Petitioner's claim of a breached plea agreement would render the convictions voidable, rather than void. Petitioner filed a motion to rehear in the trial court, which was denied by order dated October 17, 2002.

*Roger T. Johnson v. State,* No. M2002-02902-CCA-R3-CO, 2004 WL 443971, at *1 (Tenn. Crim. App. at Nashville, Mar. 5, 2004), *perm. to appeal denied* (Tenn. June 21, 2004).

In our opinion on the petitioner's third petition for habeas corpus relief, we stated the following:

> Under the Tennessee Criminal Sentencing Reform Act of 1989 ("the 1989 Act"), the petitioner was classified as a Range I offender, for whom the statutorily authorized penalty for second degree murder, a Class A felony, is fifteen to twenty-five years. However, as part of the plea agreement, the petitioner agreed to plead "out of the range" and accept a thirty-year sentence on the second degree murder count. *Id.*

*Roger T. Johnson v. Wayne Brandon, Warden,* No. M2007-00182-CCA-R3-HC, 2007 WL 3275274 (Tenn. Crim. App., at Nashville, Nov. 6, 2007), *perm. app. denied* (Tenn. Feb. 25, 2008).

In our decision on the petitioner's third petition for habeas corpus relief, we summarized the arguments maintained by the petitioner on appeal as follows:

> As we have set out, in his first petition for habeas corpus relief, the petitioner alleged that the trial court's amendment of his judgment for second degree murder amounted to a breach of his plea agreement, rendering his conviction void. *Roger T. Johnson*, 2004 WL 443971, at *1. He now challenges the same conviction on a somewhat different basis, arguing that his plea agreement was never enforceable because it violated Tennessee Code Annotated sections 40-35-105 and 40-35-112, parts of the 1989 Act dealing with offender classification and sentencing ranges, FN2 and that, as we understand, the court could not amend the first judgment without a hearing. He contends that the 1989 Act "did not provide for coupling different incarceration and release eligibility ranges." On appeal, the petitioner also claims that the trial court erred by not allowing him sufficient time to oppose the State's motion to dismiss his petition and violated his right to due process by allowing the State to file a response to his original petition after it had been amended. He further asserts, on appeal, that it was improper for the trial court to dismiss his petition without appointing counsel and conducting an evidentiary hearing. . . .
>
> > FN2. Section 40-35-105 defines the term "standard offender" as used in the Tennessee Criminal Sentencing Reform Act of 1989, and section 40-35-112 establishes the sentencing ranges for different offenders and felony classes.

After a thorough review of the record and the petitioner's arguments, this court held that the trial court had properly summarily dismissed the petitioner's petition for habeas corpus relief.

*Id.* at *5.

In the instant petition, the petitioner alleges that the trial court was without jurisdiction to convict or sentence him. He asserts that the trial court failed to advise him of some of his rights at the time that he pled guilty. While not entirely clear, the petitioner seemingly argues that the trial court should have, *sua sponte,* rejected the petitioner's plea of guilty. The petitioner then, again, notes that the trial court improperly amended his judgment to reflect a sentence of twenty-five years and three months, as a Range II offender, rather than the contemplated thirty years, as a Range I offender.

The trial court summarily dismissed the petitioner's petition, and the petitioner now appeals. On appeal, the petitioner alleges that his convictions are void because the trial court, he contends, illegally altered the terms contained in his judgment of conviction for second degree murder. This alteration, he asserts, includes an illegal sentence. He further contends the trial court erred when it summarily dismissed his petition.

## Analysis

The determination of whether habeas corpus relief is proper is a question of law, subject to *de novo* review on appeal, without a presumption of correctness given to the findings of the lower court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

> Habeas corpus relief is available in Tennessee "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993)).

"[A] habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers*, 212 S.W.3d at 255-56. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). On the other hand, a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* "The petitioner has the burden of establishing by a preponderance of the evidence that his judgment is void or that his term of imprisonment has expired." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "If the petitioner establishes by a preponderance of the evidence that his conviction is void or that his term of imprisonment has expired, he is entitled to immediate release." *Id.*

A trial court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109 (2010). If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *State ex. Rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); *see also* T.C.A. § 29-21-109 (2010). "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109 (2010).

Notably, in the petitioner's brief on appeal, he asserts, "This is Appellant's first application for a writ of habeas corpus attacking the [unauthorization] of the amended plea agreement that the Appellant entered into on December 7, 1994, and this issue has not been raised in a prior proceeding before, which gives this court jurisdiction. . . ." Our opinion on his third petition for habeas corpus relief seemingly belies this assertion. In that opinion, we concluded:

> The petitioner argued in his amended petition that the trial court's amendment of the judgments directly contravened Tennessee Code Annotated section 40-35-211 (2006), dealing with the imposition of sentences. He claimed that "25.8 years [twenty-five years, eight months] is not available under the 1989 Act. T.C.A. § 40-35-211 provides for years or months, not years and months. Therefore, 25.8 years for a felony is an illegal sentence." Again, however, the petitioner has not supported this claim with argument in his appeal and has thus waived this issue. Even were we to reach the merits of this issue, we could not conclude that this assertion constitutes a cognizable claim for habeas corpus relief. We can discern no reason why the legislature would require that the length of a felony sentence be expressed in either months or years, but not both. The petitioner offers us no reason why the legislature would intend such an unorthodox, formalistic construction.

> Finally, the petitioner argues that the trial court erred by summarily dismissing his petition without appointing counsel or holding an evidentiary hearing. Tennessee Code Annotated section 29-21-109 (2006) provides: "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ [of habeas corpus] may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." Our supreme court has held that "when a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007) (citations omitted). An indigent petitioner does not have a constitutional right to counsel in a habeas corpus proceeding unless the trial court determines that counsel is "necessary" under Tennessee Code Annotated section 40-14-204. *Summers,* 212 S.W.3d at 261. Appointment of counsel is not necessary merely because a petition states a cognizable claim for habeas corpus relief. *Id.*

The amended petition asserted that the petitioner's sentence was illegal because (1) the second degree murder sentence exceeded the maximum for a Range I offender; (2) the trial court exceeded its authority by amending the judgment from thirty years as a Range I offender to twenty-five years, eight months as a Range II offender; and (3) a sentence including a term of both years and months is impermissible under Tennessee Code Annotated section 40-35-211. None of these claims are meritorious. Therefore, summary dismissal of the petition was appropriate, as we will explain.

Previous portions of this opinion have considered and rejected the first and third of these claims. As for the second claim, a judgment becomes final thirty days after entry, after which time the trial court generally may not amend it. *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991); *see* Tenn. R. App. P. 4(a), (c) (2007). The record reflects that the trial court amended the judgment within one week of the entry of the original. Therefore, the trial court had jurisdiction to make the amendment. Further, any potential error in the amendment process did not prejudice the petitioner. As noted earlier, the amendment did not materially change the petitioner's release eligibility; any error was therefore harmless. *See* Tenn. R. App. P. 36(b) (2007) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). The petitioner did not present a cognizable claim for habeas corpus relief in his petition, and the trial court was within its authority to dismiss the petition without appointing counsel or conducting a hearing.

*Johnson v. Brandon*, 2007 WL 3275274, at **4-5.

In the appeal currently before us, the petitioner asserts his sentence was illegal and void because "the trial courts [sic] sentencing judgment imposing Life and 25.8 years at 35% Range II on the Appellant, was in direct contravention to the jurisdictional authority of the court and second, this was not the plea agreement the appellant entered into with the attorney general on December 7, 1994." He further asserts that "plain error" exists because the trial court imposed a longer sentence than the sentence contemplated by the plea agreement. We conclude that, while the petitioner attempts to couch these arguments in new terms, this court has previously determined the issues the petitioner presents. Because we have concluded that this issue was previously determined on direct appeal, we affirm the habeas corpus court's dismissal of the petition. *See Milburn L. Edwards v. State*, No. M2010-02001-CCA-R3-HC, 2011 WL 3480994, at *1 (Tenn. Crim. App. at Nashville, Aug. 5, 2011), *perm. app. denied* (Tenn. Dec. 14, 2011). The petitioner is not entitled to relief on this issue.

## Conclusion

Based upon the foregoing, the denial of habeas corpus relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE